**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Nicole Cigelske, et al., | No. CV-23-00276-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Dustin Sallaz, et al., | |
| Defendants. | |

Before the Court are Defendants' Motions to Dismiss (Docs. 4, 5). For the following reasons, the Motions will be granted.

**I.    BACKGROUND**

Pro se Plaintiffs Amanda Nicole Cigelske and Jeremy Crawford filed this action in Maricopa County Superior Court on December 13, 2022. (Doc. 9-1 at 3). On February 13, 2023, Defendants Dustin Sallaz and Amanda Rexine[1] removed the case to this Court. (Doc. 1). Construing the Complaint liberally, Plaintiffs appear to allege § 1983 claims for violation of their right to familial association and for malicious prosecution; violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and intentional infliction of emotional distress ("IIED"). (Doc. 9-1 at 7–11).

Plaintiffs' Complaint alleges that on December 31, 2019, Plaintiff Cigelske prematurely gave birth to Plaintiffs' son. (Doc. 9-1 at 7). On January 14, 2020, Plaintiffs

---

[1] Defendant's last name is apparently spelled "Rexine," although Plaintiffs' Complaint spells it "Rexin." (Doc. 4 at 1).

were stopped from visiting the child, who remained in the hospital. (Doc. 9-1 at 7). They were later told by a case manager for the Arizona Department of Child Safety ("DCS") that DCS was investigating and needed to ensure that it was safe for Plaintiffs to see their child. (Doc. 9-1 at 7). DCS filed a juvenile dependency action in Maricopa County Superior Court, asserting that the child was born prematurely and substance exposed. (Doc. 9-1 at 7). On April 30, 2020,[2] Defendants, both DCS case managers, petitioned the juvenile court for removal of the child from Plaintiffs' custody. (Doc. 9-1 at 4, 7–8). The court granted the Application for Removal the same day. (Doc. 9-1 at 12). Plaintiffs allege that Defendants "falsely report[ed] positive drug testing, based on prescribed methadone in their results."[3] (Doc. 9-1 at 8). Plaintiffs allege that they are recovering from drug addiction and have been prescribed methadone for treatment. (Doc. 9-1 at 8).

On February 17, 2023, Defendants filed the instant Motions to Dismiss. (Docs. 4, 5). On April 7, 2023, Plaintiffs timely filed a Response stating only that they "deny all statements" in Defendants' Motion and that they "have adequately stated a claim upon which relief can be granted," but requesting leave to amend if the Court finds any deficiencies. (Doc. 13). On April 11, 2023, Defendants filed a Reply. (Doc. 14).

## II.     LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

---

[2] The Complaint itself states that the Application for Removal was filed "4-30-2022" (Doc. 9-1 at 7), but the Application for Removal submitted to the juvenile court by Defendant Sallaz and juvenile court's Order granting the Application—both of which are attached to Plaintiffs' Complaint—are both dated April 30, 2020. (Doc. 9-1 at 12–16). Factual allegations in a complaint "can be disregarded . . . if the allegations are contradicted by the facts established by reference to documents attached as exhibits to the complaint." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 767 (D. Ariz. 2012). Because the Superior Court documents themselves make clear that the Application for Removal was filed and granted on April 30, 2020, this Court disregards Plaintiffs' allegation that those events occurred on April 30, 2022.

[3] Notably, medical records attached to the Complaint indicate that the child "was born drug exposed to heroin and methamphetamines at 32 weeks" and that "[m]other and father were both found to be using methamphetamine and heroin." (Doc. 9-1 at 18). The records contradict Plaintiffs' allegation that Defendants' reporting of positive drug testing was false. *See Snyder*, 913 F. Supp. 2d at 767.

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### III.   DISCUSSION

Defendants raise a variety of arguments in favor of dismissal. The Court addresses several of those issues and will dismiss the Complaint with leave to amend.

#### a.  Statute of Limitations

Defendants first assert that Plaintiffs' claims are time-barred. A statute of limitations defense is ordinarily raised in a responsive pleading, but it "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987). Still, "'[d]ismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"' or had otherwise not yet accrued." *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 WL 1411787, at *3 (D. Ariz. Mar. 21, 2018) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiffs' federal claims are each subject to a two-year statute of limitations.[4] *See*

---

[4] Defendants argue that any state-law claims brought by Plaintiffs are also time-barred, but because the federal claims will be dismissed and the Court declines to exercise supplemental jurisdiction over the state-law IIED claim, the Court does not address the statute of limitations for the IIED claim.

3

*Houston v. Ariz. State Bd. of Educ.*, No. CV-10-8160-PHX-GMS, 2012 WL 466474, at *6 (D. Ariz. Feb. 14, 2012), *aff'd*, 579 F. App'x 591 (9th Cir. 2014) ("For purposes of statute of limitations, claims under Title II [of the ADA] are treated like the personal injury claims of § 1983 and are thereby subject to Arizona's two year statute of limitations under A.R.S. § 12-542."). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

As alleged in the Complaint, Plaintiffs' § 1983 injury occurred on April 30, 2020 when Defendants filed the Application for Removal and the juvenile court granted it. (*See* Doc. 9-1 at 7 ("Plaintiffs claim violations of their due process, constitutional, and parenting rights by Defendants['] . . . Application for Exparte . . . [R]emoval on 04-30-202[0]."); *see also supra* note 2. Thus, Plaintiffs § 1983 claims accrued on that date and appear on the face of the Complaint to be time-barred, as the Complaint was filed more than two years later. *See Sansome v. Fairall*, 739 F. App'x 877, 880 (9th Cir. 2018) (holding that a familial association claim accrued when a parent's contact with his children was initially restricted while a claim based on the presentation of false evidence accrued when the presentation was made). Nothing in the Complaint suggests that the statute of limitations was tolled or otherwise had not accrued.

On the other hand, Plaintiffs' ADA claim includes an allegation that they were excluded from participation in family reunification services and had their parental rights severed on the basis of a protected disability. (Doc. 9-1 at 8). Plaintiffs' Complaint fails to include any detail about their exclusion from family reunification services or the severance of their parental rights, including when such events occurred. The Court will consider the merits of the ADA claim below, but for statute of limitations purposes, it is not apparent on the face of the Complaint that the statute has run on the ADA claim.

### b. Notice of Claim Statute

In Arizona, a state-law claim against a public employee is barred unless a notice of claim is filed within 180 days of the claim's accrual. A.R.S. § 12-821.01(A). The notice

of claim must be properly filed with both the employee and employer, and strict compliance with the statute is required. *See Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007). Here, Defendants attach Declarations to their Motions stating that they did not receive a notice of claim, but the Declarations are not signed and therefore hold no evidentiary value. (Docs 4-1, 5-1). Even if they were signed, consideration of the Declarations would convert the Motions to Dismiss into motions for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907–908. Regardless, Plaintiffs' state-law IIED claim will not be dismissed on this basis at this time.

### c. Section 1983 Claims

Even if Plaintiffs' § 1983 claims were not time-barred, Defendants argue that the Complaint fails to state a claim under § 1983. To state a § 1983 claim, "Plaintiffs must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Defendants do not challenge the first element. (Doc. 4 at 9). Thus, the Court examines whether Plaintiffs have pled a constitutional violation.

#### i. Familial Association

Plaintiffs allege that Defendants violated their right to familial association. "[T]he rights of parents and children to familial association under the Fourteenth, First, and Fourth Amendments are violated if a state official removes children from their parents without their consent, *and without a court order*, unless" there is reasonable cause to believe the child is in imminent danger and the intrusion is reasonably necessary to prevent the injury. *Keates v. Koile*, 883 F.3d 1228, 1237–38 (9th Cir. 2018) (emphasis added). Here, Plaintiffs attach the Maricopa County Superior Court's Order for Ex Parte Removal of Child to their Complaint, so it is clear that the removal of their child was authorized by court order. Thus, they fail to state a claim for violation of their right to familial association.

///

*ii. Malicious Prosecution*

Plaintiffs' Complaint refers to "malicious prosecution" (Doc. 9-1 at 9), but a claim for malicious prosecution "requires the institution of *criminal* proceedings against another who is not guilty of the offense charged." *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (emphasis added) (internal quotation marks omitted). Because they do not allege any criminal proceedings, Plaintiffs cannot state a malicious prosecution claim.[5]

**d. ADA Claim**

Plaintiffs allege that "Defendants violated their ADA rights in discrimination by a government agency in the receipt of family reunification services." (Doc. 9-1 at 8). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants argue that they are improper parties for Plaintiffs' ADA claim because only public entities, not individual public employees, are liable under Title II. Indeed, although the Ninth Circuit has not ruled on the issue, other circuits and district courts in the Ninth Circuit consistently hold that "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001); *Thomas v. Nakatani*, 128 F. Supp. 2d 684, 692 (D. Haw. 2000); *cf. Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to address the issue).

---

[5] The Court notes that the facts in Plaintiffs' Complaint are more aligned with a § 1983 judicial deception claim—though the Court does not read the Complaint to contain a claim that is not stated in a manner sufficient to give Defendants notice of the claim, nor does it decide whether the facts would suffice to state such a claim. To state a judicial deception claim, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021).

Accordingly, Plaintiffs cannot bring ADA claims against Defendants in their individual capacity.[6]

## IV. CONCLUSION

For the reasons stated, Plaintiffs' federal claims will be dismissed. Because the only basis for subject matter jurisdiction in this case is federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the state-law IIED claim. *See* 28 U.S.C. § 1367(c)(3). Thus, the Complaint will be dismissed in its entirety.

Still, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). At this stage, the Court cannot conclude that Plaintiffs could not possibly state a viable claim, so leave to amend will be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Docs. 4 & 5) are **granted.** Plaintiffs' Complaint is **dismissed with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **May 30, 2023** to file an Amended Complaint curing the deficiencies stated in this Order. If Plaintiffs do not file an Amended Complaint by **May 30, 2023**, the Clerk of Court shall terminate this action.

Dated this 27th day of April, 2023.

Honorable Steven P. Logan
United States District Judge

---

[6] Plaintiffs also "cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

7