**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Nicole Cigelske, et al., | No. CV-23-00276-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Dustin Sallaz, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss Amended Complaint. (Doc. 25). For the following reasons, the Motion will be granted.

**I.  BACKGROUND**

Pro se Plaintiffs Amanda Nicole Cigelske and Jeremy Crawford filed this action in Maricopa County Superior Court on December 13, 2022. (Doc. 9-1 at 3). On February 13, 2023, Defendants Dustin Sallaz and Amanda Rexine removed the case to this Court. (Doc. 1). Construing the Complaint liberally, it appears that Plaintiffs alleged § 1983 claims for violation of their right to familial association and for malicious prosecution; violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and intentional infliction of emotional distress ("IIED"). (Doc. 9-1 at 7–11).

On February 17, 2023, Defendants moved to dismiss Plaintiffs' Complaint. (Docs. 4, 5). On April 28, 2023, the Court granted Defendants' motions and dismissed Plaintiffs' federal claims. (Doc. 15). The Court held that Plaintiffs' § 1983 claims were barred by the statute of limitations and failed to state a claim. (Doc. 15 at 4). The Court also held that

Plaintiffs' ADA claim failed because Plaintiffs cannot bring ADA claims against Defendants in their individual capacity. (Doc. 15 at 7). The Court declined to exercise supplemental jurisdiction over the remaining state-law IIED claim. (Doc. 15 at 7). Nevertheless, the Court granted Plaintiffs an opportunity to amend their Complaint to cure deficiencies. (Doc. 15).

On July 17, 2023, Plaintiffs filed their Amended Complaint ("AC"). (Doc. 24). Plaintiffs' AC alleges that on January 17, 2020, the Arizona Department of Child Safety ("DCS") initiated an investigation to remove Plaintiffs' child from their custody. (Doc. 24 at 9). On April 30, 2020, Defendants, both DCS case managers, petitioned the juvenile court for removal of the child from Plaintiffs' custody. (Doc. 24-4 at 13–19). That same day, the juvenile court granted the Application for Removal and Defendants delivered Plaintiffs a copy of the juvenile court's Order.[1] (Doc. 24 at 5, Doc. 24-4 at 13–19). The child was removed from the home on May 1, 2020. (Doc. 24 at 5). On May 13, 2020, Plaintiffs' DCS case was reassigned from Defendants to a new case manager. (Doc. 24 at 7). Plaintiffs allege that Defendants "falsely report[ed] positive drug testing, based on prescribed methadone in their results."[2] (Doc. 24 at 10). Plaintiffs allege that they are recovering from drug addiction and have been prescribed methadone for treatment. (Doc. 24 at 10). Construing the Complaint liberally, it appears that Plaintiffs raise the same claims from the original Complaint. (Doc. 9-1 at 7–11, Doc. 24 at 10–11).

---

[1] Plaintiffs' AC states that Defendants issued Plaintiffs a "falsified court document" which was actually "an application for removal and not the actual court order of approval to remove the child" (Doc. 24 at 5), but the document Plaintiffs attached to the AC labeled "Original Order for Removal Presented to Mother on April 30th 2020" includes both the Application for Removal *and* the juvenile court's Order granting the Application. (Doc. 24-4 at 13–19). *See Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 767 (D. Ariz. 2012) (holding that factual allegations in a complaint "can be disregarded . . . if the allegations are contradicted by the facts established by reference to documents attached as exhibits to the complaint.").

[2] Notably, medical records attached to the AC indicate that the child "was born drug exposed to heroin and methamphetamines at 32 weeks" and that "[m]other and father were both found to be using methamphetamine and heroin." (Doc. 24-4 at 7). The records contradict Plaintiffs' allegation that Defendants' reporting of positive drug testing was false. *See Snyder*, 913 F. Supp. 2d at 767.

On July 26, 2023, Defendants filed the instant Motion to Dismiss Amended Complaint. (Doc. 25). On September 6, 2023, Plaintiffs filed a Response raising additional factual allegations. (Doc. 31). On September 12, 2023, Defendants filed a Reply. (Doc. 32).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). A pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## III.   DISCUSSION

Defendants argue that the Court should dismiss Plaintiffs' AC because "Plaintiffs have not addressed any of the concerns listed by the Court in its Order [Doc. 15]." (Doc. 25 at 2). Upon reviewing the entire record, the Court agrees.[3]

### a. Statute of Limitations

A statute of limitations defense is ordinarily raised in a responsive pleading, but it "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987). Still, "'[d]ismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) "only if the assertions of the complaint, read with the required

---

[3] The Court, however, denies Defendants' request to accept supplemental jurisdiction over Plaintiffs' IIED state-law claim.

liberality, would not permit the plaintiff to prove that the statute was tolled," or had otherwise not yet accrued.'" *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 WL 1411787, at *3 (D. Ariz. Mar. 21, 2018) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiffs' federal claims are each subject to a two-year statute of limitations.[4] *See Houston v. Ariz. State Bd. of Educ.*, No. CV-10-8160-PHX-GMS, 2012 WL 466474, at *6 (D. Ariz. Feb. 14, 2012), *aff'd*, 579 F. App'x 591 (9th Cir. 2014) ("For purposes of statute of limitations, claims under Title II [of the ADA] are treated like the personal injury claims of § 1983 and are thereby subject to Arizona's two year statute of limitations under A.R.S. § 12-542."). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Plaintiffs' § 1983 injuries occurred on April 30, 2020, when Defendants filed the Application for Removal and the juvenile court granted it. (*See* Doc. 24 at 5 ("April 30, 2020, [Defendant Sallaz] shows up to the house hands [Plaintiffs] a paper saying it was a court order to remove [the child].")); *see also surpa* note 2. Thus, Plaintiffs' § 1983 claims accrued on that date and appear on the face of the AC to be time-barred, as the original complaint was filed more than two years later. *See Sansome v. Fairall*, 739 F. App'x 877, 880 (9th Cir. 2018) (holding that a familial association claim accrued when a parent's contact with his children was initially restricted while a claim based on the presentation of false evidence accrued when the presentation was made). Plaintiffs raise no new allegations in the AC to support that the statue of limitations was tolled or otherwise had not accrued.

Likewise, Plaintiffs' ADA claim against Defendants is also barred by the statute of limitations. Plaintiffs claim that Defendants excluded them from participating in family reunification services and severed their parental rights on the basis of a protected disability.

---

[4] Defendants argue that any state-law claims brought by Plaintiffs are also time-barred, but because the federal claims will be dismissed and the Court declines to exercise supplemental jurisdiction over the state-law IIED claim, the Court does not address the statute of limitations for the IIED claim.

(Doc. 24 at 10–11). Plaintiffs' child was removed from the home on May 1, 2020. (Doc. 24 at 5). On May 13, 2020, Defendants informed Plaintiffs that they were no longer assigned to Plaintiffs' case, and that Plaintiffs would be assigned new case managers. (Doc. 24 at 7). Although Plaintiffs' AC alleges additional facts concerning family reunification issues Plaintiffs experienced with *other* case managers, there are no family reunification allegations raised against Defendants after May 13, 2020. (*See* Doc. 24 at 10 ("DCS falsely plead throughout the dependency that the goal was family reunification. These were false reports and pleadings, as the behavior and goals of DCS was severance of Plaintiffs' parenting rights.")). Thus, according to Plaintiffs' AC, Plaintiffs' ADA claim accrued by May 13, 2020, and is therefore time-barred.

**b. Section 1983 Claims**

Even if Plaintiffs' federal claims were not time-barred, Defendants argue that the AC fails to state a claim under § 1983. To state a § 1983 claim, "Plaintiffs must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Upon reviewing the AC, the Court finds that Plaintiffs failed to cure deficiencies to plead a constitutional violation.

*i. Familial Association*

As explained in the Court's previous Order (Doc. 15), the removal of the child was constitutional because the removal was authorized by a court order. *See Keates v. Koile*, 883 F.3d 1228, 1237–38 (9th Cir. 2018) ("[T]he rights of parents and children to familial association under the Fourteenth, First, and Fourth Amendments are violated if a state official removes children from their parents without their consent, and *without a court order*.") (emphasis added). Thus, Plaintiffs' claim that Defendants violated their right to familial association fail as a matter of law because proof of the Maricopa County Superior Court's Order for Ex-Parte Removal of Child is attached to the AC. (Doc. 24-4 at 14).

///

### ii. *Malicious Prosecution and Judicial Deception*

This Court previously rejected Plaintiffs' claim for "malicious prosecution" because there were no allegations made about a criminal proceeding. (Doc. 15 at 6). Plaintiffs' AC no longer explicitly claims malicious prosecution, but even if it did, the claim will still fail because the AC also does not allege that there has been a criminal proceeding. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). Plaintiffs also do not explicitly raise a § 1983 judicial deception claim. (*See* Doc. 15 n. 5). Regardless, the Court will construe the AC liberally and examine whether Plaintiffs raise sufficient allegations to meet the requirements of judicial deception.[5]

To state a judicial deception claim, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021). First, Plaintiffs allege that Defendants "falsely report[ed] positive drug testing, based on prescribed methadone in their results." (Doc. 24 at 10). This argument fails because the medical records show that the child "was born drug exposed to heroin and methamphetamines at 32 weeks" and that "[m]other and father were both found to be using methamphetamine and heroin." (Doc. 24-4 at 7). Plaintiffs also allege that Defendants "falsified" a court document by describing an application for removal as a court order. (*See* Doc. 24 at 5). This argument also fails. The "falsified court document" includes a copy of the application for removal *and* the signed Order for Ex-Parte Removal of Child. (Doc. 24 at 14). Thus, Plaintiffs fail to state a claim for either malicious prosecution or judicial deception.

///

///

///

---

[5] Although the AC may not give Defendants sufficient notice of a claim for judicial deception, Defendants' Motion construes Plaintiffs' AC liberally and argues that "[u]nder either a claim for malicious prosecution or judicial deception, this claim fails." (Doc. 25 at 7).

### c. ADA Claim

Again, even assuming that Plaintiffs' ADA claim is not time-barred, Plaintiffs failed to cure the original complaint to state an ADA claim. Plaintiffs allege that "Defendants violated their ADA rights in discrimination by a government agency in the receipt of family reunification services." (Doc. 24 at 11). Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants argue that they are improper parties for Plaintiffs' ADA claim because only public entities, not individual public employees, are liable under Title II. Indeed, although the Ninth Circuit has not ruled on the issue, other circuits and district courts in the Ninth Circuit consistently hold that "Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999); *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001); *Thomas v. Nakatani*, 128 F. Supp. 2d 684, 692 (D. Haw. 2000); *cf. Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to address the issue). Plaintiffs' AC still alleges an ADA claim only against Defendants in their individual capacity.[6] Therefore, Plaintiffs' ADA claim also fails.

### IV. CONCLUSION

For the reasons stated Plaintiffs' federal claims will be dismissed. Because the only basis for subject matter jurisdiction in this case is federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the state-law IIED claim. *See* 28 U.S.C. § 1367(c)(3). Thus, the Complaint will be dismissed in its entirety.

---

[6] Plaintiffs also "cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Plaintiffs' claims are dismissed with prejudice as well, as Plaintiffs cannot possibly cure the deficiencies of those claims by the allegation of other facts. Leave to amend is therefore inappropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Amended Complaint (Doc. 25) is **granted in part**. Plaintiffs' federal claims **are dismissed with prejudice and without leave to amend**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Therefore, Plaintiffs' intentional infliction of emotional distress claim is **remanded** to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this federal case.

Dated this 13th day of December, 2023.

Honorable Steven P. Logan
United States District Judge